***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted April 20, affirmed May 17, 2023

In the Matter of H. M,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

A. M. M.,
*Appellant.*

Multnomah County Circuit Court
19JU05628;
Petition Number 113756;
A179657

Patrick W. Henry, Judge.

Kristen G. Williams filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Mother appeals from a judgment changing the permanency plan for her child, H, from reunification to adoption. She assigns error to the juvenile court's rulings that (1) DHS made reasonable efforts to effect reunification; (2) mother's progress was insufficient to make reunification possible; (3) no compelling reason prevented a change in plan; and (4) the plan should be changed away from reunification to adoption. "We review the juvenile court's legal conclusions for errors of law, and we view the evidence in the light most favorable to the court's disposition to determine if it supports the court's legal conclusions." *Dept. of Human Services v. S. J. M.*, 364 Or 37, 40, 430 P3d 1021 (2018). We affirm.

*Reasonable Efforts.* Mother contends that the juvenile court erred in concluding that DHS made reasonable efforts to allow H to return to her care. *See* ORS 419B.476(2)(a) (so requiring). We disagree. DHS removed H from mother's care shortly after H's birth in 2019 after H tested positive for controlled substances and established jurisdiction over H because mother's "cognitive functioning requires her to engage in services to learn and apply appropriate parenting skills to safely parent" H. In the nearly three years that followed, DHS offered mother, among other things, referral for substance abuse services, referrals for hands-on parenting classes in an attempt to accommodate and adapt to mother's cognitive limitations and style of learning,[1] personal service workers, referrals for housing, a psychological evaluation, family decision meetings, and visitation with H. Particularly given the length and breadth of services offered, that evidence is legally sufficient to support the juvenile court's determination that DHS's efforts were "reasonable" under ORS 419B.476(2)(a).

---

[1] ORS 419B.090(5) requires DHS to offer parents with disabilities "opportunities to benefit from or participate in reunification services that are equal to those extended to individuals without disabilities." It further requires DHS to "provide aids, benefits and services different from those provided to parents and guardians without disabilities, when necessary to ensure that parents and guardians with disabilities are provided with an equal opportunity under this subsection."

*Insufficient Progress.* Mother argues that the juvenile court erred in ruling that mother made insufficient progress to ameliorate the jurisdictional basis. *Dept. of Human Services v. S. M. H.*, 283 Or App 295, 305, 388 P3d 1204 (2017) (change of plan away from reunification is permissible only if, despite DHS's reasonable efforts, "the parent's progress was insufficient to make reunification possible"). We disagree. The juvenile court found that due to her cognitive limitations, mother does not have the ability to safely parent H without support, yet mother has had inconsistent contact with DHS for significant periods of time and has not demonstrated a willingness to accept that support. It further found that mother has a pattern of residential instability as well as engaging with people who do not "improve her ability to safely parent" H. We conclude that the evidence supports the juvenile court's findings and is legally sufficient to support the court's determination that mother had not made progress sufficient to enable reunification.

*Compelling Reasons.* Mother argues that the juvenile court erred in changing H's permanency plan to adoption because mother established a compelling reason to forgo implementing a plan of adoption. ORS 419B.498(2). DHS argues that mother did not preserve the error and having reviewed the record, we agree. We therefore decline to address this claim of error.

*Change of Permanency Plan.* Lastly, mother assigns error to the juvenile court's change of plan from reunification to adoption. Because the juvenile court's decision turned on its determinations that DHS made reasonable efforts and that, despite those efforts, mother's progress was insufficient—and because we affirm both those determinations here—we reject that argument.

Affirmed.